UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

_____
                                          :
SANOFI-AVENTIS U.S. LLC., *et al.*,    :
                                          :
           Plaintiffs,                :
                                          :    Lead Civil Action No. 07-2762 (JAP)
          v.                        :    (consolidated case)
                                          :
SANDOZ, INC,                         :    **OPINION**
                                          :
           Defendant.                :
_____:

PISANO, District Judge

      Presently before the Court is a motion by Defendants Sun Pharmaceutical Industries, Ltd. and Caraco Pharmaceutical Laboratories, Ltd. (together, "Sun") asking the Court to find that a settlement agreement was reached between Sun and Plaintiffs Sanofi-Aventis U.S. LLC, Sanofi-Aventis, and Debiopharm S.A. (collectively, "Sanofi"). Sanofi opposes the motion. The Court heard oral argument on August 31, 2009. For the reasons below, Sun's motion is granted.

      The relevant facts are undisputed. In the spring of 2008, Sanofi and Sun began settlement negotiations and regularly updated the Magistrate Judge on the progress of these negotiations. By the end of 2008, the parties reached consensus on the material terms of their settlement and contemplated execution of a term sheet that would be followed by a more detailed settlement agreement. The parties stipulated to a 45-day stay of discovery in order to complete their negotiations.

      On or about January 13, 2009, the parties entered into a Letter of Intent and Term

Sheet regarding the material terms of the settlement, and then worked over a period of months toward a final settlement agreement. The parties repeatedly exchanged revised drafts of written settlement documents and sought further stay of the litigation to allow for continued negotiations. It appears that by the end of May 2009, the final edits were made to the settlement documents.

On May 29, 2009, with respect to a final settlement agreement, counsel for Sanofi wrote to counsel for Sun stating: "I think we are there with the one change we made...Please call me if you have any questions." Sun Ex. H. After Sanofi offered another round of changes described as "logistical," counsel for Sanofi confirmed via a June 4, 2009 voicemail message that negotiations were complete:

> Hi Scott, Dominick. I just wanted to make sure that we were on track for getting signatures. I know John Carlin sent you an email with some logistical additions, namely notice and a few other things and I'm assuming you are okay with all that, and that you're in a position to send it all off to Sun for signatures. And we're doing the same.

Sun Ex. I

Almost two weeks later, on June 16, 2009, counsel for Sanofi contacted counsel for Sun acknowledging a communication that Sun had fully executed the formal written settlement agreement and stating that, with respect to signatures from Sanofi, that execution was "80% of the way done" and counsel "hope[d] to have the final signature . . . from Sanofi in France"[1] by the next day, which day counsel hoped would "be the day to exchange"

---

[1] At oral argument, counsel for Sanofi advised that the attorney who left this message was mistaken about which Sanofi executives had executed the agreement. Counsel explained that at the time this message was left Sanofi was, in fact, waiting on signatures from certain executives

2

executed signature pages. Sun Ex. K. The parties, however, never made the exchange. Sanofi decided not to exchange signature pages with Sun because of this Court's June 17, 2009 Opinion and Order on a summary judgment motion finding non-infringement of the '874 patent. Declaration of Robert J. Kajubi, Esq. at ¶ 5. According to Sanofi, the decision greatly diminished the value of any settlement agreement with Sun. *Id.*

By way of the instant motion, Sun seeks to enforce the terms of the settlement agreement that it alleges was reached between the parties. Accordingly, the Court must analyze this motion according to principles of contract law, which govern settlement agreements. *See Metropolitan Life Ins. Co. v. Hayes-Green*, 2008 WL 2119976, *1 (D.N.J. 2008) (citing *Tedesco Mfg. Co., v. Honeywell Int'l, Inc.*, 127 Fed. Appx. 50, 52 (3d Cir. 2005)). Sanofi raises a potential conflict of law issue in this regard, arguing that New York law (rather than the New Jersey law relied upon by Sun) applies. Sanofi points to the choice of law clause in the parties Letter of Intent, which states that the Letter of Intent and Term Sheet are to be governed by the laws of the state of New York.

The court, however, need not engage in any choice of law analysis because it appears that both states apply similar principles with regard to the issues at hand and, therefore, the choice of law will have no effect on the Court's ultimate disposition of this motion. *See Sound of Mkt. St., Inc. v. Cont'l Bank Int'l*, 819 F.2d 384, 387 (3d Cir.1987) ("We need not resolve [the choice of law] issue if the laws of New York and Pennsylvania would not conflict on the resolution of this dispute."); *see GTE Corp. v. Allendale Mut. Ins. Co.*, 372 F.3d 598,

---

in the U.S. and not in France. This, however, is immaterial to the instant motion.

609 n. 8 (3d Cir.2004) (applying New Jersey law because parties did not dispute its application). Indeed, while the parties disagree on whether a settlement was reached, the parties do agree that the outcome of this motion would be the same under either state's law. *See,* Sun Br. at 9, n.2; Pl. Br. at 6, n.5.

Traditional contract rules, applicable to settlement agreements, provide that a contract arises from an offer and acceptance, and must be sufficiently definite to allow the performance of each party to be ascertained with reasonable certainty. *Excelsior Ins. Co. v. Pennsbury Pain Center*, 975 F.Supp. 342, 349 (D.N.J. 1996). If parties agree on the essential terms and manifest an intent to be bound by those terms, they have created an enforceable contract. *Id.* "[I]f the negotiations are finished and the contract between the parties is complete in all its terms and the parties intend that it shall be binding, then it is enforceable, although lacking in formality and although the parties contemplate that a formal agreement shall be drawn and signed." *Id.* (quoting *Moran v. Fifteenth Ward Bldg. & Loan Ass'n.*, 131 N.J.Eq. 361, 366, 25 A.2d 426 (N.J.Ch.1942)).

The Court finds that the parties reached a binding settlement agreement. As an initial matter, the parties advised the Court on more than one occasion of their intent to reach a binding settlement agreement. *See*, *e.g.*, Sun Ex. E, G. Consistent with this goal, they set forth the essential terms of their deal in the Letter of Intent and Term Sheet, and continued to work out the finer details of the agreement. On June 4, 2009, Sanofi offered a final round of changes to the Settlement Agreement, and indicated to Sun that with these "logistical" changes the deal was complete, as there was nothing left to negotiate. By indicating that it was agreeable to the Settlement Agreement with these last changes, Sanofi manifested its intent to be bound by the terms of the Settlement Agreement on June 4. Sun accepted

Sanofi's final round of changes, and finalized and signed the documents.  Thereafter, on June 16, 2009 Sanofi further confirmed to Sun that an agreement had been reached by acknowledging to Sun that most of the signatures on the formal written agreement had been obtained by both parties.  The fact that Sanofi failed to complete it execution of the written copies of the Settlement Agreement is not a bar to finding that a binding settlement had been reached by June 16, 2009.

      For the reasons above, Sun's motion is granted.

/s/ JOEL A. PISANO
United States District Judge

Dated:  October 2, 2009