**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEW JERSEY**

_____

SANOFI-AVENTIS U.S. LLC., *et al.*,          :
                                             :
                              Plaintiffs,    :
                                             :
                                             :     Lead Civil Action No. 07-2762 (JAP)
                      v.                     :     (consolidated case)
                                             :
SANDOZ, INC,                                 :     **OPINION**
                                             :
                              Defendant.     :
_____:

PISANO, District Judge

On October 2, 2009, this Court granted a motion by Defendants Sun Pharmaceutical

Industries, Ltd. and Caraco Pharmaceutical Laboratories, Ltd. (together, "Sun") which sought

"confirmation of [a] settlement" (Docket Entry No. 434 at 2) between Sun and Plaintiffs

Sanofi-Aventis U.S. LLC, Sanofi-Aventis, and Debiopharm S.A. (collectively, "Sanofi").  The

Court ruled that a binding settlement had been reached between Sun and Sanofi, finding that

although the formal written settlement agreement drafted by the parties had been only partially

executed by Sanofi, the course of dealings between the parties showed that a binding

settlement agreement nevertheless had been reached.  Sanofi now moves the Court for an

order that this settlement agreement between Sanofi and Sun is unenforceable.

There appears to be no dispute between the parties that the settlement agreement is

governed by the law of the State of New York.[1]  Being governed by New York law, Sanofi

argues that the agreement is rendered unenforceable by New York's "statute of frauds."

Sanofi specifically relies upon New York Civil Practice Law & Rules ("CPLR") § 2104,

which precludes the enforcement of settlement agreements unless certain conditions are met.

The statute reads in the relevant part as follows:

> An agreement between parties or their attorneys relating to any matter in an
> action, other than one made between counsel in open court, is not binding upon
> a party unless it is in a writing subscribed by him or his attorney or reduced to
> the form of an order and entered.

N.Y. CPLR § 2104.  Under this section, for a settlement agreement to be enforceable, it must

be either (1) made in open court; (2) in writing signed by a party or his attorney; or (3)

"reduced to a form of order and entered."  CPLR § 2104.  Sanofi argues that the settlement

agreement is not enforceable because the written agreement does not have all of the necessary

signatures from Sanofi and thus was not "in a writing subscribed by [Sanofi] or [its] attorney."

*Id.*  It should be noted that Sanofi does not challenge on this motion the Court's earlier ruling

that the parties entered into a binding settlement agreement; it challenges only the

enforceability of that agreement.

In response to the instant motion, Sun argues that § 2104 does not apply in this case

because it is a state civil rule and, therefore, not applicable in a federal action.  Sun further

argues that even if § 2104 were applicable, it does not operate to bar enforcement of the

---

[1]The settlement agreement has a choice of law provision that states New York law governs the agreement:  "Consistent with N.Y. GEN. OBLIG. LAW § 5-1401, this Agreement shall be governed by and construed in accordance with the internal substantive and procedural laws of the state of New York."  Docket Entry No. 444, Exh. 2 at ¶ 11.

parties' agreement under the facts here.

"Although the parties entered into a binding settlement agreement, this fact alone does not necessarily ensure that the agreement is enforceable." *Alvarez v. City of New York*, 146 F. Supp. 2d 327, 337 (S.D.N.Y. 2001).  Under New York law, the requirements of § 2104 must be met for a settlement agreement to be enforceable.  *See id.*  However, there is disagreement among federal decisions as to whether § 2104 applies in federal court actions.  *Compare, e.g., Mone v. Park East Sports Medicine and Rehabilitation, P.C.*, 2001 WL 1518263 at *4 (S.D.N.Y. Nov. 29, 2001) (§ 2104 is "purely procedural") with *Rosenberg v. Inner City Broadcasting Corp.*, 2001 WL 995349 at *2 (S.D.N.Y. August 30, 2001) ("New York state law" that applies to determine enforceability includes § 2104).

It is not necessary in this case for the Court to decide whether § 2104 is applicable in a federal action.  Even if the statute is applicable in this case, it does not preclude enforcement of the settlement here.  The obvious purpose of the statute is to ensure that "a demonstrable agreement has clearly been reached." *Bergassi, LLC v. Ikon Solutions, Inc.*, 875 N.Y.S.2d 818, 820 (N.Y. Civ. Ct. 2008).  Consistent with this rationale, the Court finds there is compliance with the statute.  The existence of the settlement agreement between the parties is confirmed by the Court's October 2, 2009 Order.  As noted previously, Sanofi does not challenge that Order.  The Court's October 9th Order granting Sun's motion to enforce the settlement fulfills the statutory requirement that a settlement be "reduced to a form of order and entered."  § 2104.

Moreover, even if there was not literal compliance with the statute, the Court finds

3

there has been substantial compliance.  As Sun points out, § 2104, as construed by the state

courts of New York, "is not as rigid as its text first appears."  *Lee v. Hosp. for Special*

*Surgery*, 2009 WL 244770 at \*2 (S.D.N.Y. Aug. 11, 2009).  Courts have found settlement

agreements to be enforceable so long as there was "substantial compliance" with § 2104.  *See,*

*e.g., Twumasi v. TJMT Transp. Services, Inc.*, 267 A.D.2d 153, 154, 701 N.Y.S.2d 20 (App.

Div. 1999).

Although that Order does not itself set forth all of the terms of the settlement

agreement between the parties, the record of the motion addressed by the Order clearly does.

*See* Settlement Agreement at Docket Entry No. 444, Exh. 2.  As such, there can be no doubt

as to the existence of the settlement or its terms.  The Court finds therefore, the agreement to

be enforceable.  Consequently, Sanofi's motion is denied.  An appropriate Order accompanies

this Opinion.


/s/ JOEL A. PISANO
United States District Judge


Dated:  March 1, 2010