

**COLE SCHOTZ**
COLE, SCHOTZ, MEISEL, FORMAN & LEONARD, P.A.
Attorneys at Law          A Professional Corporation

COURT PLAZA NORTH
25 MAIN STREET
P.O. Box 800
HACKENSACK, NJ 07602-0800
201-489-3000   201-489-1536 FAX

NEW YORK

DELAWARE

MARYLAND

**David M. Kohane**
MEMBER
ADMITTED IN NJ, NY AND CT

Reply to New Jersey Office
WRITER'S DIRECT LINE: 201-525-6267
WRITER'S DIRECT FAX: 201-678-6267
WRITER'S E-MAIL: DKOHANE@COLESCHOTZ.COM

March 10, 2010

**Via Electronic Case Filing**

Honorable Joel A. Pisano
United States District Judge
District of New Jersey
Clarkson S. Fisher Federal Building &
United States Courthouse
402 E. State Street
Trenton, NJ 08608

      Re:    Sanofi-Aventis U.S. LLC et al. v. Sandoz, Inc. et al.
              No. 3:07-cv-02762-JAP-DEA (consolidated)

Dear Judge Pisano:

      This firm, together with Quinn Emanuel Urquhart Oliver & Hedges, LLP, represents Defendants Actavis Totowa LLC, Actavis, Inc., and Actavis Group hf (collectively, "Actavis") in the above-captioned action.

      This letter concerns the Court's consideration of Sanofi and Fresenius' pending cross-motions for summary judgment concerning United States Patent No. 5,338,874 ("the '874 patent"). As the Court pointed out during the March 9, 2010 Conference, resolution of the pending cross-motions requires construction of the disputed claim term "optically pure." On October 21, 2009, the parties submitted a claim construction chart to the Court setting forth each party's proposed construction of "optically pure" and identifying where the proffered constructions were substantively briefed. *See* D.I. 544. In that submission, Actavis joined Teva's position that "optically pure" is indefinite. *See id.* Teva's position is substantively briefed in Teva's Opposition to Plaintiffs' Motion For Preliminary Injunction. *See* D.I. 531 at 7-13. Actavis also joined in the arguments set forth in Teva's Opposition. *See* D.I. 535.

COLE, SCHOTZ, MEISEL, FORMAN & LEONARD, P.A.
ATTORNEYS AT LAW

Honorable Joel A. Pisano
March 10, 2010
Page 2

      In light of the fact that Actavis has not reached a final settlement with Sanofi at this time, and to the extent that the Court's construction of "optically pure" will be binding on Actavis, Actavis respectfully requests that the Court specifically consider Actavis' and Teva's position concerning the indefiniteness of the term "optically pure" as set forth in detail in D.I. 531, and hence the invalidity of the '874 patent.

                                  Respectfully submitted,

                                  COLE, SCHOTZ, MEISEL,
                                  FORMAN & LEONARD, P.A.

                                  David M. Kohane

DMK:jfv
cc:    All Counsel of Record (by ECF)